ANNA McKERNAN, PLAINTIFF-APPELLANT, v. COMMON-
WEALTH TRUST COMPANY, A CORPORATION, DE-
FENDANT-APPELLEE.

Submitted January 18, 1938—Decided June 7, 1938.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD
and PARKER.

For the plaintiff-appellant, *Archie Elkins*.

For the defendant-appellee, *Collins & Corbin* (*Edward A. Markley* and *Patrick F. McDevitt,* of counsel).

BROGAN, CHIEF JUSTICE. The trial court directed a ver-
dict for the defendant and plaintiff appeals from the judg-

ment entered thereon. The suit was for personal injuries suffered by the plaintiff when she fell on leaving a building which was owned by the defendant. The testimony of the plaintiff and her witnesses tended to show that on the night of June 3d, 1936, she attended a meeting of a ladies' organization, which was held in the rear of premises known as 434 Bergenline avenue, Union City, New Jersey. The building is located at the corner of Twenty-second street, and had been leased by the defendant for a term of five years to John Peterman, who agreed, according to the terms of the lease, to keep the interior of the building in good repair and condition.

The use for which the premises were rented is not mentioned in the lease but the front part of the building, on the ground floor, was used by the lessee, Peterman, as a tavern and the room in back thereof was, on the night in question, used by the organization, in which plaintiff was a member, for meeting purposes. The lease also provided that the tenant should not transfer, assign or sub-let the premises or any part thereof without the written consent of the owner.

On the night in question as Mrs. McKernan was leaving the premises by way of the side entrance that led into Twenty-second street, and as she was about to step across the threshold, she caught her heel in a "pocket or depression" which existed as a result of a half inch difference in grade between the floor in the building and the metal saddle or sill across the threshold of the entrance opening on the public street, whereby she fell heavily to the sidewalk and suffered injury.

The complaint charges that the defendant bank was the owner and in possession of the premises; that the building was designed and devoted to public or semi-public use and was used as a public building "for public meetings and semi-public meetings;" all of which was known to the defendant, and that there was imposed upon the defendant the duty of seeing to it that no "structural defects in the said building existed that would in anywise injure persons lawfully in said building and using the said building for the purpose for which it was intended;" that the defendant permitted a structural defect to exist on the date in question; that it had

knowledge of its existence and that it failed to exercise reasonable care in abating such nuisance and failed to keep the public hallways, &c., with reasonable and proper care.

The trial court directed a verdict upon the theory that the evidence did not disclose that the building was devoted to the use of the public in any way, and a reading of the testimony seems to support that proposition. There is no mention made in the lease—a contract for five years—that the premises were to be devoted to any particular purpose. It is true that the room in question was, on the night of the accident, used for a meeting place and that this same organization had met there at other times, but there was no evidence whatever that the building was held out by the owner as a public place or that the owner knew that the room in question had been devoted to such uses.

We think the record is devoid of any proof that the plaintiff came upon the premises under an implied invitation from the landlord. There was no privity of estate or privity of contract between the plaintiff and the defendant owner of the property. The pertinent rule of law has been stated again and again in many cases of which *Clyne* v. *Helmes,* 61 *N. J. L.* 358, is typical.

It is next argued that the trial court committed error in refusing to consider the other legal theories as to defendant's liability. No place is indicated in the record where appellant urged any other "legal theories" than that upon which the complaint was drawn, nor does the brief point out any judicial action tending to support the argument that the court had any other legal theory brought to his attention. It is the duty of the court to rule upon that which the case presents; not to explore to ascertain whether liability might be spelled out by means of a theory alien to that presented by the pleadings or proofs.

It is further argued that the court erred in excluding the testimony of Mr. Goldberg, an architect, in rebuttal. The grounds of appeal fail to specify any question overruled. This is ordinarily fatal to a consideration of the matter complained of as a ground for appeal. *Booth* v. *Keegan,* 108 *N. J. L.*

538. The specific question here disallowed, as we perceive it in the record, was entirely too general for rebuttal. Appellant then stated to the court the substance of that which he intended to show by the witness. From appellant's statement in the record, the intended evidence was to be clearly repetitious of that which another expert had said on direct examination in support of the plaintiffs' affirmative case. Its exclusion did not deprive the plaintiff of any substantial right and, in any event, it was not proper rebuttal.

The judgment is affirmed.